IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Oliver and Company; Barbara Indra, Susan Delmanowski, Oliver Family Holdings, LLC, J. Oliver Cunningham, Jr. Revocable Trust, John Oliver Teem Trust, Rachelle L. Indra Revocable Trust, Dan L. Indra Revocable Trust, Jane Warriner 1971 Trust, James Hart, and Donald Riggs,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Dr. Ronald Zamber, Michael Cosby, Robert Grenley, Visionary PE GP I, LLC, and Visionary Fund Manager, LLC,<br><br>                    Defendants. | Case No.<br><br>**TRIAL BY JURY DEMANDED** |

**COMPLAINT**

Plaintiffs, Oliver and Company, Barbara Indra, Susan Delmanowski, Oliver Family Holdings, LLC, J. Oliver Cunningham, Jr. Revocable Trust, John Oliver Teem Trust, Rachelle L. Indra Revocable Trust, Dan L. Indra Revocable Trust, Jane Warriner 1971 Trust, James Hart, and Donald Riggs (collectively "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendants Ronald W. Zamber ("Zamber"), Michael Cosby ("Cosby"), Robert Grenley ("Grenley")[1], Visionary PE GP I, LLC, and Visionary Fund Manager, LLC (collectively "Defendants"), and respectfully allege as follows:

---

[1]Zamber, Cosby and Grenley are collectively referred to herein as the Individual Defendants.

4897-9001-3203.4

## INTRODUCTION

1.      This dispute arises out of the mismanagement of non-party Visionary Private Equity Group I, LP, a Missouri Limited Partnership which has been marketed by the Defendants as Visionary Private Equity Group ("VPEG" or the "Fund") through various breaches, gross negligence and other misconduct principally by Zamber, Cosby, and Grenley.

2.      Defendants' scheme includes providing investors with false or misleading information (including omitting material information) about the state of their investments and the Fund itself, while keeping shares in the Fund at the same price (and recently at discounted prices), to attract new investors to enrich the Individual Defendants and to pay out those who sought an exit from the Fund (due to Defendants' misconduct and mismanagement).  To further conceal their scheme, the Individual Defendants have failed to provide financial information about the Fund, and when such information is provided, it has been incomplete and deficient such that it fails to even show the payments that the Individual Defendants have received and other pertinent details.

3.      Plaintiffs are limited partners in VPEG that together have invested roughly $11 million in the Fund. Plaintiffs bring this claim due to Defendants' breaches of their fiduciary duties, breaches of the Limited Partner Agreement ("LPA"), and other gross negligence including fund mismanagement, lack of proper accounting, compliance and governance, and failure to provide basic documentation related to Plaintiff's investments.

4.      VPEG's LPA, attached as Exhibit D, expressly requires that VPEG's books and records "shall be subject to an annual audit by an independent certified public accountant." Defendants have failed to provide evidence of any such annual audit by an independent certified public accountant.  Defendants also have failed to deliver compliant or substantial financial

4897-9001-3203.4

statements, including statements that identify the amounts that have been paid to or for the benefit of any of the Individual Defendants.

5.     Plaintiffs (and only some of them) have received only one distribution from VPEG, which occurred in 2021.  Nonetheless, VPEG reported that it had made distributions of $5.8 million as of March 2024 (in a written investor update) and then $9.1 million as of July 2024 (in a written mid-year update). (Exhibits A, B). Defendants have failed to account for or explain the latest distribution, and Plaintiffs did not receive any (much less a pro rata portion) of the most recent $3.3 million in distributions contrary to the express requirements of section 5.1 of the LPA.

6.     Many other investors also have raised claims or complaints about the Defendants. By way of example, one additional lawsuit has been filed (*Sposato v. Visionary Private Equity Group, Zamber and Grenley*, 5:24-cv-01179-DNH-TWD (N.D.N.Y.), and other investors with millions invested have sought redemption from VPEG due to Defendants' misconduct and mismanagement.

7.     Despite claiming to have raised over $11.6 million in the past two years, numerous VPEG employees also have reported that they are owed hundreds of thousands in back-pay alone.  Defendants' mismanagement also includes the nonpayment of expenses including rent for VPEG's St. Charles, Missouri location (for which an eviction notice recently was issued) and VPEG's website.

8.     Earlier this week, Cosby reportedly resigned from his role as VPEG's senior managing director.  However, Cosby has failed to provide a copy of his resignation and has stated to others that he intends to continue to provide accounting and legal services for the Fund. Despite their mismanagement and misconduct, and investor demands, Zamber and Grenley have

not yet resigned.  Thus, judicial relief is necessary and appropriate to protect the investors and employees of the Fund.

### THE PARTIES AND OTHER ENTITIES OF INTEREST

9.      Plaintiff Oliver and Company is an Indiana nominee partnership with its principal place of business in Indiana whose partners are citizens of Indiana.

10.     Plaintiff Barbara Indra is an individual who resides in Arizona.

11.     Plaintiff Susan Delmanowski is an individual who resides in California.

12.     Plaintiff Oliver Family Holdings, LLC is an Indiana Limited Liability Company with its principal place of business in Indiana and whose members reside in Texas, Michigan, California, Florida and Arizona.

13.     Plaintiff J. Oliver Cunningham, Jr. Revocable Trust is a revocable trust whose trustees are citizens of Michigan, Minnesota and Indiana.

14.     Plaintiff John Oliver Teem Trust is a revocable trust whose trustees are citizens of California.

15.     Plaintiff Rachelle Indra Revocable Trust is a revocable trust whose trustees are citizens of Minnesota, Oregon, and California.

16.     Plaintiff Dan Indra Revocable Trust is a trust with its principal place of business in Indiana, whose trustees are citizens of Minnesota and California.

17.     Plaintiff Jane Warriner 1971 Trust is a trust with its principal place of business in Indiana, whose trustees are citizens of Indiana, Wisconsin, Arizona, and California.

18.     Plaintiff James Hart is an individual who resides in Indiana.

19.     Plaintiff Donald Riggs is an individual who resides in Indiana.

20.     Defendant Visionary PE GP I, LLC is a Missouri Limited Liability Company and is the General Partner of VPEG, and, according to the Missouri Secretary of State's website, has its principal place of business at 1325 W. Sunshine, No. 162, Springfield, Missouri 65807. Plaintiffs note that this address appears to be that of a UPS Store.

21.     Defendant Visionary Fund Manager, LLC is a Missouri Limited Liability Company and is the Fund Manager of VPEG, and, according to the Missouri Secretary of State's website, has its principal place of business at 430 South Avenue, 6th Floor, Springfield, Missouri 65806. Plaintiffs note that this address appears to be that of the Moxy Springfield Downtown Hotel.

22.     Defendant Ronald W. Zamber is the Chairman, Senior Managing Director, and Founding Partner of VPEG, and is an individual who resides in Fairbanks, Alaska. Notwithstanding these titles, Dr. Zamber reports employment as an ophthalmologist, and he works at, owns and operates the Eye Clinic of Fairbanks (Alaska).

23.     Defendant Robert Grenley is the Director of Capital Development at VPEG and is an individual who resides in Lakewood, Washington.

24.     Defendant Michael Cosby, until his reported resignation earlier this week, served as the Senior Managing Director of the Fund.  Cosby also acted, and may still be acting, as General Counsel of the Fund.  Cosby also signed VPEG's tax returns as its preparer and prepared the deficient and incomplete financial statements provided by the Fund to Plaintiffs.  Cosby is an individual who resides in Marshfield, Missouri.

25.     VPEG is a private equity firm formed in 2010 and acts as the trade name for non-party Visionary Private Equity Group I, LP, its General Partner Defendant Visionary PE GP I,

LLC, and its Fund Manager Defendant Visionary Fund Manager, LLC, and has a business address of 1520 S. 5th Street, #308, St. Charles, Missouri.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

27.     Venue is proper in the Eastern District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated within this district.  Alternatively, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) because Defendants Visionary PE GP I, LLC and Visionary Fund Manager, LLC are subject to the court's personal jurisdiction with respect to this action because they have their principal places of business in this district.  Defendants have also subjected themselves by agreement to venue in this judicial district including by the terms of the various Subscription Agreements and their breaches set forth herein.

28.     At all relevant times, Defendants regularly conducted and/or solicited business within the State of Missouri, including, but not limited to, conducting business with and soliciting business from Plaintiffs, and Defendants derived substantial revenue from the sale of services in and for use in the State of Missouri. In addition to the Defendants' previous business dealing with Plaintiffs within the State of Missouri, the claims for relief contained herein arise directly from the contracts between Plaintiffs and Defendants negotiated and entered into, in whole or in part, within the State of Missouri, at least one of which (the Subscription Agreement) contains a forum selection clause permitting this action to be brought in this judicial district.

Accordingly, Defendants are subject to personal jurisdiction in this judicial district with respect to this action.

**FACTS**

29.    VPEG holds itself out as a private equity group that "invests in early stage, high growth companies that have strong management teams and the potential for significant upside."[2]

30.    VPEG represents that its team consists of highly respected professionals with a unique blend of private equity, investment banking, legal, medical, oil & gas, internet technology and operating experience that play an active role ensuring that our portfolio companies have a sound operating and capital strategy."[3]

31.    In reality, the Individual Defendants lack such skills and expertise.

32.    In March 2024 and July 2024, Defendants provided Plaintiffs with an Executive Summary or Investor Presentations. (Exhibits A, B (excerpts)). These presentations provided a review of the previous year's investments, VPEG's upcoming business strategy, and supposedly detailed information about portfolio companies signed off on by the Individual Defendants.

33.    Based on Defendants' representations regarding their experience in the private equity space, investment banking, legal, medical, oil & gas, and internet technology spaces, Plaintiffs invested over $11 million in VPEG.

34.    Plaintiffs made these investments through various Subscription Agreements entitling them to one Limited Partnership share in Visionary Private Equity Group I, LP for each dollar. (Exhibit C). These investments occurred through VPEG's Limited Partner Memorandum Account (the "Fund").

---

[2]"Welcome to VPEG," online at https://visionaryprivateequitygroup.com/ (last accessed on January 25, 2025).
[3]"About Us," online at https://visionaryprivateequitygroup.com/about-us/ (last accessed January 25, 2025).

35.     Subsequent loans were made in the form of convertible promissory notes that the Individual Defendants stated VPEG would use to invest in the Fund and for expenses. Defendants also have breached these notes which will be addressed in a separate lawsuit in Illinois (the venue specified in these notes).

36.     The Limited Partnership Agreement provides in relevant part that Visionary PE GP I, LLC is the sole general partner of VPEG and provided the power to manage and direct the portfolio investments in the Fund to the Fund Manager Visionary Fund Manager, LLC. (Exhibit D).

37.     The Limited Partnership Agreement authorized Visionary PE GP I, LLC to make distributions to the limited partners. (*Id*.). Schedule III, Section 2(a)(i) of the Agreement, required that distributions be made to Limited Partners in proportion to their respective Memorandum Accounts until their respective Memorandum Accounts have been reduced to zero at the time of the distribution (in each case measuring Memorandum Accounts after giving effect for any Tax Distributions). (*Id*.).

38.     Despite their many investments dating back years, Plaintiffs received their only distributions in September 2021 totaling $316,295.00.

38.     In order to induce Plaintiffs to make further investments and loans, and to allow VPEG to retain Plaintiffs' current investments and loans, Zamber and Grenley made frequent statements that additional distributions were forthcoming soon.  By way of example, Zamber and Grenley made these statements in a September 2022 meeting in South Bend, IN to certain Plaintiffs and their representatives.  Similarly, in a March 2023 meeting in Austin, TX, Zamber and Grenley again made these statements to certain Plaintiffs and their representatives.

39.     These statements were false and misleading.  No further distributions were made to Plaintiffs.

40.     Moreover, in the March 2024 investor presentations prepared by the Individual Defendants, Defendants stated that Visionary PE GP I, LLC made prior distributions of $5.8 million. (Exhibit A). And four months later in the June 2024 investor presentation (again prepared by the Individual Defendants), Defendants stated that Visionary PE GP I, LP made additional $3.3 million in new distributions (for a total of $9.1 million in distributions), but Plaintiffs did not receive a single cent. (Exhibit B).

41.     Defendants have failed to account for this $3.3 million in distributions, including any payments to or for the benefit of the Individual Defendants.

42.     On information and belief, Visionary PE GP I, LLC accepted a capital contribution from a limited partner no later than 2016.  Per Section 2.2 of the Limited Partnership Agreement, new limited partners were not to be accepted into the Fund beginning seven years after Visionary PE GP I, LLC accepted the capital contribution of the first limited partner.  In breach of this provision, Defendants, led by the Individual Defendants, continued to solicit and accept new contributions throughout 2024 (and perhaps in 2025) as a further means to enrich themselves and in an attempt to cover for their mismanagement as to Plaintiffs and other investors.

43.     Section 7.1 of the Limited Partnership Agreement also requires that

Books of Account; Tax Returns. The General Partner shall prepare and file, or shall cause to be prepared and filed, all United States federal, state and local income and other tax returns required to be filed by the Fund and shall keep or cause to be kept complete and appropriate records and books of account in which shall be entered all such transactions and other matters relative to the Fund's operations, business and affairs as are usually entered into records and books of account that are maintained by persons engaged in business of like character or are required by the Act. Except as otherwise expressly provided herein, such books and records shall

be maintained in accordance with general accepted accounting principals [sic] and shall be subject to an annual audit by an independent certified public accountant.

44.     In breach of the LPA, Defendants never provided Plaintiffs with any audited financial statements.  On information and belief, Defendants never permitted an annual audit by an independent certified public accountant. Instead, Defendant Cosby (at Zamber's direction) prepared the limited and incomplete financial statements that Defendants have rarely shared for VPEG.

45.     As pled previously, these incomplete financial statements fail to show any detail or back-up of the amounts of various liabilities and payments relating to the Fund, including any of the payments to or for the benefit of the Individual Defendants, or to other businesses affiliated with the Individual Defendants including Cosby's law firm.

46.     Plaintiffs and their counsel have made repeated demands on Cosby and the Individual Defendants for financial statements with actual and substantive details.  In breach of their fiduciary duties and the LPA, and to further conceal their mismanagement and misconduct, the Individual Defendants have refused to provide such detail.

47.     VPEG contractors similarly have reported that, despite prior access to VPEG and portfolio companies' financials, the Individual Defendants have removed this access to such actual financial information.

48.     Despite claiming to have collected over $90 million in investments over the past eight-plus years, Defendant have failed to utilize an outside accountant or to establish a compliance committee among other failures of governance and management.

49.     In Summer 2024, owing to Defendants failure to provide substantive accounting or financial statements and employee reports about Defendants' failed investments and other mismanagement, Plaintiffs requested that a seven-member advisory board be established, that

would meet quarterly to discuss portfolio companies, the direction of the organization, and general business operating activities.

50.     Plaintiffs, primarily through Zamber and Cosby, again failed to do so.  Instead, Defendants provided Plaintiffs a few unaudited, unreconciled and incomplete financial documents and tax returns prepared by Cosby.  These and other financial documents referenced herein will be filed as part of Plaintiff's forthcoming motion seeking immediate injunctive relief.

51.     Plaintiffs and their counsel again demanded actual financial details from the Individual Defendants, who directed these demands to Cosby who then was non-responsive for weeks at a time due to reported travel.  Zamber similarly failed to provide the requested financial information.

52.     The address listed for Visionary Private Equity Group I, LP (*i.e.*, the Fund) on the tax returns provided by Defendants and prepared by Cosby appears to be for a box at a UPS Store located in Springfield, Missouri near where Cosby works and resides.

53.     On or about December 13, 2024, Plaintiff James Hart again requested financial statements along with some general information about the Fund.

54.     Defendants failed to provide any reply for over a month and, even then, Zamber provided only vague platitudes about VPEG working non-stop to get new investors in its pipeline. As of this filing, Defendants still have not provided this basic financial information nearly seven weeks after it was requested.

55.     Other investors have raised similar and additional complaints about Defendants' mismanagement and misconduct.

56.     In September 2024, another investor filed suit against VPEG, Zamber and Grenley. *Sposato v. Visionary Private Equity Group, et al.*, 5:24-cv-01179-DNH-TWD, Doc. 1,

(Exhibit E).[4] Defendants failed to disclose this lawsuit to Plaintiffs. Defendants also failed to disclose this lawsuit to the Advisory Board.

57.     In his lawsuit, Sposato alleged that VPEG by and through Zamber and Grenley induced him to remain invested in the Fund through various false promises after he formally requested to exit the Fund in March 2023. Rather than facilitate his exit, Grenley made several false promises related to efforts by VPEG to acquire new investors and Sposato's demand to be redeemed remained unfulfilled. (*Id.*).

58.     In addition to the Sposato lawsuit, numerous other investors that have invested millions in the Fund have reported to Plaintiffs that they have sought or are seeking redemption of their investments from VPEG due to Defendants' mismanagement and misconduct. On information and belief, Defendants have redeemed some investors using funds raised from Plaintiffs or other investors in recent years.

59.     Plaintiffs also recently discovered additional evidence of Defendants' misconduct and scheme.

60.     In late 2024, at the behest of the Individual Defendants, VPEG began offering units at a $0.67/unit purchase price, where one dollar buys 1.5 units, instead of the $1.00/unit purchase price offered to most investors.

61.     On information and belief, Defendants plan to use these dilutive offerings to redeem numerous other complaining investors in order to silence them and to further cover for Defendants' misconduct.

62.     Furthermore, Defendants have also failed to report on numerous issues and failures of portfolio companies.

---

[4]This lawsuit was voluntarily dismissed on January 24, 2025 with a statement that it would be refiled in the Eastern District of Missouri.

4897-9001-3203.4

63.     For instance, Defendants have touted Pop Gourmet as a worthwhile investment with projected revenues of $2.8 million in 2024. (Exhibit A).

64.     However, Plaintiffs recently learned that Pop Gourmet (in which Grenley serves as the acting Chief Executive Officer) failed to pay its employees (who are now threating to quit) and vendors among other bills. Additionally, Plaintiff James Hart recently discovered that Pop Gourmet's website was down due to lack of payment.

65.     By way of another example, Defendants have funneled over $15 million into a dubious media endeavor (Visionary Media Group) which appears to be for the Individual Defendants' personal enrichment and connections. Despite being the largest holding in VPEG's portfolio, and many requests to the Individual Defendants, the Defendants have failed to provide any financial statements for Visionary Media Group to Plaintiffs.

66.     For another example, Defendants report that they have invested over $5 million in Navitus Energy Group without providing Plaintiffs with any substantive reporting about this large investment much less any prospective return. And despite many inquiries from Plaintiffs and other investors, Defendants have not informed Plaintiffs about the ongoing status of the venture (including reports that certain wells have been sold), nor provided an update on the $17 million judgment against a company in which Navitus reportedly owns a 50% stake. (Exhibit A).

67.     Additional questions have been raised about many other portfolio companies in the Fund, and in these instances, Defendants similarly have failed to provide accurate information including accurate or detailed financial information.

68.     In recent months, Plaintiffs learned of unreported loans and other liens incurred by Defendants due to their mismanagement that further dilute Plaintiffs' shares and impair VPEG's ability to make long overdue payments to Plaintiffs and others. The Missouri Secretary

of State UCC Filings show that a lien was filed by Wolters Kluwer Lien Solution, as a lien servicing representative of the Funding Family, on November 12, 2024 listing Visionary Private Equity Group I, LP (*i.e.*, the Fund), as the debtor. (Exhibit F).

69.     Moreover, VPEG has failed to cover basic operational costs, with contractors waiting over six months for compensation. Additionally, a number of VPEG contractors have recently reported that they are owed anywhere from $65,000 to $150,000 in backpay and expenses alone.

70.     Plaintiffs also discovered this past weekend, January 26, 2025 that VPEG's website was down and its "account was suspended," presumably due to non-payment, all while Defendants have claimed in investor presentations that the Fund raised $6.2 million in 2023 and $5.4 million in the first six months of 2024. (Exhibits A, B).

71.     Based on Defendants' abject failure to pay its bills, make compliant distributions, maintain and provide proper financials in accordance with Section 7.1 of the Limited Partnership Agreement, maintain an appropriate compliance department or an outside accountant, and general mismanagement, Plaintiffs have no choice but to file this suit to help safeguard their investments.

**Count I: Breach of Fiduciary Duty (against all Defendants)**

72.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "71" as if fully set forth herein.

73.     Defendants had a duty to act for the benefit of the investors in the Fund, including but not limited to, the interests of the Plaintiffs.

74.     Defendant Visionary PE GP I, LLC is the General Partner of VPEG and as such owes a fiduciary duty to the Plaintiffs, who are Limited Partners in VPEG.

75.     Defendant Visionary Fund Manager, LLC, is a functional fiduciary of Plaintiffs through Section 3.1 of the Limited Partnership Agreement, wherein it was allocated the authority "to manage and direct the Portfolio Investments in [the] Fund" by Visionary PE GP I, LLC.

76.     Defendants Zamber, Grenley and Cosby are also fiduciaries of Plaintiffs by virtue of their positions with and actions on behalf of VPEG through Visionary PE GP I, LLC and/or Visionary Fund Manager, LLC. Specifically, the Individual Defendants oversaw the overall direction of the Fund, the financial decisions and payments made by the Fund, the tax and financial documents for the Fund, and the misstatements and omissions about the Fund and its investments.

77.     Defendants Zamber, Grenley and Cosby, acting on behalf of Visionary PE GP I, LLC and/or Visionary Fund Manager, LLC, made or caused to be made Investor Presentations and financial statements that grossly exaggerated the performance of various portfolio companies and the Fund (both through misrepresentations and omissions), which were intended to cause Plaintiffs to continue to invest in and lend money to VPEG.

78.     Cosby, individually and at Zamber's direction, repeatedly refused to provide accurate or detailed financial statements to Plaintiffs.

79.     Additionally, Defendants as fiduciaries of Plaintiffs were required to make distributions to Plaintiffs in accordance with Section 5.1 and Schedule III, Section 2(a)(1) of the Limited Partnership Agreement. However, while reporting to have made $3.3 million in distributions between March and July 2024 alone, none were made to Plaintiffs.

80.     Because of the special relationship of trust that exists between Plaintiffs and Defendants, Defendants are required to act in the Plaintiffs' best financial interest throughout the course of Plaintiff's investment in the Fund and failed to do so.

81.     As such, Defendants have breached their fiduciary duties to the Plaintiffs.

82.     As a result of Defendants' breach of fiduciary duty, Plaintiffs are entitled to temporary and permanent injunctive relief removing Defendants as fiduciaries for the Fund, freezing the Funds' assets and accounts to prevent further dissipation of assets, appointment of a suitably qualified receiver to manage the Fund while this litigation is pending and on a permanent basis, and a money judgment against Defendants in the amount of $11 million, plus any actual gains in the investment to date, plus interest, as well as punitive damages and attorneys' fees, costs and disbursements incurred by Plaintiffs in the prosecution of this action.

**Count II: Breach of Contract (against Visionary PE GP I, LLC)**

83.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "82" as if fully set forth herein.

84.     Plaintiffs and Defendant, Visionary PE GP I, LLC, were and are parties to the Visionary Private Equity Group I, LP Limited Partnership Agreement.

85.     The Individual Defendants, individually and collectively, control Visionary PE GP I, LLC and are responsible for its breaches.

86.     Under Section 2.2 of the Limited Partnership Agreement, Plaintiffs were required to make capital contributions in the amounts set forth in their Subscription Agreements, including any subsequent capital contributions. Plaintiffs made their initial investments with VPEG from 2018 through2023. Each Plaintiff signed and agreed to the terms of the Subscription Agreements and to be bound by the Limited Partnership Agreement. Plaintiffs fulfilled each such obligation without issue.

87.     Additionally, under the same section, new limited partners were not to be accepted into the Fund beginning seven years after Visionary PE GP I, LLC accepted the capital contribution of the first limited partner.

88.     Under Section 5.1 of the Limited Partnership Agreement, Visionary PE GP I, LLC could make distributions at its discretion, but only in amounts that exceed any necessary reserves in accordance with Schedule III.

89.     According to Schedule III Section 2(a)(1), the distributions were to be made to limited partners in proportion to their respective Memorandum Accounts until the respective Memorandum Account had been reduced to zero at the time of the distribution.

90.     In the March 2024 and June 2024 investor presentations, Defendants stated that Visionary PE GP I, LLC had made prior distributions of $5.8 million and $9.1 million, respectively.

91.     To date, Plaintiffs have received only a single distribution in September of 2021, an amount that is not commensurate with Plaintiffs' position for years as VPEG's largest investor or with Defendants' report of at least $3.3 million in distributions between March 2024 and July 2024 alone (none of which was distributed to Plaintiffs).

92.     Under Section 7.1 of the Limited Partnership Agreement, Visionary PE GP I, LLC, was required to "keep or cause to be kept complete and appropriate records and books of account" which "shall be maintained in accordance with [GAAP] and shall be subject to an annual audit by an independent certified public accountant."

93.     Visionary PE GP I, LLC, never conducted or caused to be conducted an audit or made the "appropriate records and books of account[s]" available to Plaintiffs despite Plaintiffs' request.

94.     These failures by Visionary PE GP I, LLC constitute breaches of the LPA.

95.     Lacking actual or substantive financial details from VPEG, Visionary PE GP I, LLC's breaches have damaged Plaintiffs as they are unaware of the true nature of their $11 million in investments and outstanding balances on their loans and have not received distributions to which they are entitled under the LPA.

96.     As a result of the foregoing, Plaintiffs are entitled to a money judgment against Defendants in the amount of $11 million, plus actual gains in the investment to date, plus interest, as well as attorneys' fees, costs and disbursements incurred by Plaintiffs in the prosecution of this action.

97.     Plaintiffs are also entitled to specific performance by Visionary PE GP I, LLC of the terms of the LPA pertaining to accounting, auditing and distributions.

### Count III: Negligent Misrepresentation (against All Defendants)

98.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "97" as if fully set forth herein.

99.     Plaintiffs and Defendants are engaged in a privity-like relationship as each party is mutually interested in the growth of the Fund due to their respective positions.

100.    As discussed above, Visionary PE GP I, LLC is the General Partner of VPEG, Visionary Fund Manager, LLC is empowered "to manage and direct the Portfolio Investments in [the] Fund" by Visionary PE GP I, LLC and both entities owed fiduciary duties to the Plaintiffs. Defendants Zamber, Grenley and Cosby are functional fiduciaries of Plaintiffs by virtue of their positions with Visionary PE GP I, LLC and/or Visionary Fund Manager, LLC. In particular, Zamber oversaw the overall direction of the Fund, Grenley oversaw financial decisions made by the of the Fund, and Cosby prepared and signed tax and financial documents for the Fund.

101.    The fiduciary relationship that exists between Plaintiffs and Defendants imposes a duty on the Defendants to impart correct information to the Plaintiffs.

102.    Specifically, Defendants Zamber, Grenley and Cosby, acting on behalf of Visionary PE GP I, LLC and/or Visionary Fund Manager LLC, made or caused to be made Investor Presentations, and financial statements that grossly exaggerated or concealed the actual performance of various portfolio companies and were intended to cause Plaintiffs to continue to invest in, and lend money to, VPEG.

103.    Plaintiffs reasonably relied on these statements in furtherance of investing in the Fund and lending it money.

104.    Defendants' claimed unique and specialized expertise in the investment field afforded them a special position of confidence and trust with the Plaintiffs such that reliance on their negligent misrepresentation was justified.

105.    As a result of Defendants' grossly negligent misrepresentations, Plaintiffs are entitled to a money judgment against Defendants in the amount of $11 million, plus any actual gains in the investment to date, as well as attorneys' fees, costs and disbursements incurred by Plaintiffs in the prosecution of this action.

## Count IV: Accounting (against Visionary PE GP I, LLC)

106.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "105" as if fully set forth herein.

107.    Under the Limited Partnership Agreement, the management of the Fund's business and affairs was vested in Visionary PE GP I, LLC, with the right, power and authority, acting solely by itself and without the necessity of approval by any Limited Partner or other person. Section 3.1 Limited Partnership Agreement.

4897-9001-3203.4

108.    Under Section 2.2 of the Limited Partnership Agreement, Plaintiffs were required to make capital contributions in the amounts set forth in their Subscription Agreements, including any subsequent capital contributions. Plaintiffs made their initial investments with VPEG from 2018 through 2023. Each Plaintiff signed and agreed to the terms of the Subscription Agreements and to be bound by the Limited Partnership Agreement.

109.    Under the same section, new limited partners were not to be accepted into the Fund, beginning seven years after Visionary PE GP I, LLC accepted the capital contribution of the first limited partner.

110.    Additionally, under Section 7.1 of the Limited Partnership Agreement, Visionary PE GP I, LLC, was required to "keep or cause to be kept complete and appropriate records and books of account" which "shall be maintained in accordance with [GAAP] and shall be subject to an annual audit by an independent certified public accountant."

111.    Plaintiffs have invested over $11 million in the Fund to date, and the true nature of the account at issue is sufficiently complicated to require the equitable intervention of this Court.

112.    Plaintiffs as Limited Partners in Visionary Private Equity Group I, LP are entitled to an accounting of the Fund's annual revenues and expenses, assets, and liabilities.

113.    Because of the special relationship of trust that existed between Plaintiffs and Defendant Visionary PE GP I, LLC, Defendant Visionary PE GP I, LLC was reasonably liable to act in the Plaintiffs' best financial interest throughout the course of their investment in the Fund.

114.    Because of the nature of the accounts and contracts at issue, and their relative complexity, there is not an adequate legal remedy which would compensate Plaintiffs without the Court first undertaking an accounting.

115.    An accounting is needed as Defendants have not properly informed Plaintiffs of the actual status of their investment that would demonstrate that the Plaintiffs have been paid what they are owed.

116.    As articulated above, Visionary PE GP I, LLC has failed to be a good steward of Plaintiffs money, it has failed to make distributions, keep or provide accurate or complete financial records, have those records properly audited, and properly account to Plaintiffs about the status of their money.

117.    Accordingly, Plaintiffs are entitled to a full accounting from Defendants.

<h3 style="text-align:center">PRAYER FOR RELIEF</h3>

WHEREFORE, Plaintiffs respectfully requests that the court issue a judgment against Defendants as follows:

A.    Injunctive relief removing Zamber and Grenley as officers and directors for the Fund;

B.    Injunctive relief removing Cosby from any accounting or legal roles for the Fund;

C.    Injunctive relief freezing the Funds' assets and accounts to prevent further dissipation of assets until a new and independent management team and/or receiver is appointed;

D.    Appointment of a suitably qualified receiver of Visionary PE GP I, LLC to manage the Fund while this litigation is pending and on a permanent basis;

E.    An order requiring specific performance of the terms of the LPA by Visionary PE GP I, LLC;

F.    An order compelling an accounting by Visionary PE GP I, LLC;

G.    Awarding Plaintiffs damages in an amount to be determined at trial, but not less than $11 million, plus any actual gains in the investment to date, plus interest;

4897-9001-3203.4

H.	Awarding punitive damages to Plaintiffs;

I.	Awarding Plaintiffs the costs and disbursements of this action, including reasonable attorneys' fees and costs; and

J.	Awarding any other and further relief the Court deems just and proper.

Dated: January 31, 2025

Respectfully submitted,

By: */s/ Matthew J. Reh*
ARMSTRONG TEASDALE LLP
Matthew J. Reh (Missouri Bar #49418)
Evan J. Sullivan (Missouri Bar #73032)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070 (phone)
314.621.5065 (facsimile)
*mreh@atllp.com*
*esullivan@atllp.com*


NIXON PEABODY LLP
John Ruskusky (pro hac vice to be submitted)
Jordan Rice (pro hac vice to be submitted)
70 W. Madison Street, Ste. 5200
Chicago, IL 60602
Phone: (312) 977-4400
Fax: 312-977-4405

Brian A. Hill (Missouri Bar # 47661)
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel.: (202) 585-8040
Fax: (833) 400-2588
*bhill@nixonpeabody.com*

**Counsel for Plaintiffs**