# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OLIVER AND COMPANY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00132-MTS |
| ) | |
| DR. RONALD ZAMBER, *et. al*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court has identified an issue with its subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). On February 10, 2025, Plaintiffs filed an amended complaint seeking to establish this Court's jurisdiction under 28 U.S.C. § 1332(a) "because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." Doc. [10] ¶ 30. "The party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists." *May Dep't Stores Co. v. Wilansky*, 900 F. Supp. 1154, 1159 (E.D. Mo. 1995). Where, as here, "jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Plaintiffs have failed to carry their burden in at least two respects.

*First*, Plaintiffs have failed to sufficiently plead the citizenship of Defendants Visionary PE GP I, LLC, and Visionary Fund Manager, LLC (together, the "LLC Defendants"). The citizenship of a limited liability company is equivalent to "the citizenship of each of its members."

*E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015).  Sufficiently pleading an LLC's citizenship can be a complex endeavor because, if "any members of an LLC [] are themselves LLCs, partnerships or limited partnerships, information concerning their underlying members or partners must be alleged."  *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, 4:23-cv-1304-RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023); *see also Hill v. Lowe's Home Ctrs., LLC*, 1:21-cv-00185, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022) (explaining that the Court must know "the citizenship of **all** persons and entities within the ownership structure" (citing *Clark v. SL W. Lounge, LLC*, 4:18-cv-01223, 2019 WL 527781, at *2 (E.D. Mo. Feb. 11, 2019))).  Here, Plaintiffs make no allegations at all regarding the members of the LLC Defendants, including their respective identities or states of citizenship.  Doc. [10] ¶ 24, 25.  Without this information, the citizenship of the LLC Defendants remains unknown, and the Court cannot "be assured of its own jurisdiction."  *See James v. Moore*, 1:23-cv-00115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) (requiring plaintiff to "identify each of the individual members of the defendant LLC and specifically plead the state of their citizenship").

*Second*, the operative complaint provides only conclusory allegations regarding certain Plaintiffs' states of citizenship.  For Plaintiff Oliver and Company and Plaintiff Oliver Family Holdings, LLC, Plaintiffs allege only that their unidentified and unquantified partners and members "reside in" or "are citizens of" certain states.  *See* Doc. [10] ¶¶ 14, 15.  These allegations do not suffice.[1]  "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively."  *James*, 2023 WL 4350944, at *1 (quoting 15 James Wm. Moore, et al., *Moore's Federal Practice* § 102.31 (3d ed. 2010)).  As explained above, the

---

[1] The Court observes that, without reference to their domicile, the allegations regarding Plaintiff John O Teem and Plaintiff Ron Indra are similarly conclusory.  Doc. [10] ¶¶ 17–18.

citizenship of "an unincorporated entity depends on the citizenship of all the members," *GMAC*, 357 F.3d at 828 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 15, 195–96 (1990)), and what constitutes a "member" of a particular entity requires the application of additional, context-specific rules, not to mention those that ultimately determine the entity's state of citizenship. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016) (analyzing applicable state law to determine that the citizenship of an unincorporated business trust was equivalent to its shareholders); *Alper v. Marsh, USA, Inc.*, 4:18-cv-00378, 2018 WL 1726627, at *2 (E.D. Mo. Apr. 10, 2018) (explaining that the citizenship of a traditional trust depends on the citizenship of its trustees); *see also Carden*, 494 U.S. at 195–96 (establishing that the citizenship of a partnership depends on the citizenship of its general and limited partners). Moreover, a particular member might have sub-members of its own such that the final citizenship determination may depend on relevant information from multiple levels of the entity's ownership structure. *See Hill*, 2022 WL 1202363 at *3 (E.D. Mo. Apr. 22, 2022).

When Plaintiffs allege, for example, that "Plaintiff Oliver Family Holdings, LLC is an Indiana Limited Liability Company . . . whose members reside in Texas, Michigan, California, Florida, and Arizona," Doc [10] ¶ 15, without alleging the identities of those members or what types of entities they are, the Court can only presume that Plaintiffs have applied the correct legal principles and, in turn, that the jurisdictional requirements of § 1332(a) are satisfied.[2] But such a presumption is not permitted. "Federal courts are courts of limited jurisdiction," and they possess

---

[2] Plaintiffs have filed Disclosure Statements as required by Federal Rule of Civil Procedure 7.1 and Eastern District of Missouri Local Rule 2.09. *See, e.g.*, Doc. [4]. Although the Court might glean more jurisdictional information from these filings, they do not satisfy Plaintiffs' duty to sufficiently plead this Court's jurisdiction in their complaint. *Cf.* Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment ("The disclosure does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction.").

- 4 -

"only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Therefore, this Court must "presume[] that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*  If Plaintiffs can carry their burden and establish this Court's subject matter jurisdiction, they must file a Second Amended Complaint doing so.  *See* 28 U.S.C. § 1653 (allowing amendment of pleadings to show jurisdiction).  Failure to do so will result in dismissal of this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs must file a Second Amended Complaint, no later than **February 21, 2025**, that sufficiently establishes this Court's subject matter jurisdiction.

Dated this 11th day of February 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE