IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Oliver and Company, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Dr. Ronald Zamber, Michael Cosby, Robert Grenley, and Visionary Fund Manager, LLC<br><br>　　　　　　　　　　　Defendants,<br><br>and<br><br>Visionary Private Equity Group I, LP<br><br>　　　　　　　　　　　Nominal Defendant. | CIVIL ACTION NO. 4:25-cv-00132 |

**SUPPLEMENT TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Oliver and Company, et al., ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this supplement to their Motion for Expedited Discovery from Defendants Dr. Ronald Zamber, Michael Cosby, Robert Grenley, and Visionary Fund Manager, LLC (together, "Defendants"), ("the Motion") pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

1. Since the filing of the Motion, Plaintiffs' counsel has tried to obtain a copy of the first item requested in the Motion – an Operating Agreement or documents sufficient to identify the members of Visionary PE GP I, LLC – from Defendant Cosby's counsel (who has entered an appearance in this matter). Ex. 1. Cosby possesses a copy of these readily available documents because of his role as Visionary Private Equity Group's ("VPEG") former Senior Managing Director and General Counsel and, on information and belief, prepared these documents. Despite the statements of Cosby's counsel that he would "follow up with you shortly" more than one week

4930-2743-2229.2

ago, *see id.*, he has not done so or responded to multiple follow-up emails. Thus, issue 1 (and issue 2[1]) in the Motion are ripe to be resolved.[2]

2. Each of the Defendants were served with Plaintiffs' original Complaint between February 3, 2025, and February 12, 2025 and have had ample time to enter their appearance. Each (directly or through counsel) also has been served with the Motion and the Second Amended Complaint (the "SAC") (filed on February 20, 2025) and has not responded. Each of the Defendants' responsive pleadings are past due. See F.R.C.P 15(a)(3).[3]

3. As detailed in the SAC, the Defendant's non-responsiveness has been a long-standing problem. In addition to the problems raised in the SAC, Plaintiffs have learned of additional VPEG legal issues including a recent Delaware case in which it (and specifically Cosby) has failed to respond to lawsuits and subpoenas, which has led to a Court Order granting sanctions, including attorneys' fees, against VPEG. *See* Ex. 2 (Order) and Ex. 3[4] (referencing Cosby).

4. Numerous other investors (in sworn declarations) have reported similar problems of non-responsiveness or "ghost[ing]" by the Individual Defendants, as well as additional issues of mismanagement and misconduct, and support their removal from their positions. *See, e.g.,* Ex. 4.

5. Some of these sworn declarations also address Visionary Media Group, a VPEG portfolio company, including issues with its accounting and payments (and non-payments that have led to resignations or other issues). *See, e.g.*, Ex. 4 at pp. 11, 20, 50, 59, & 73. Considering

---

[1] Defendant Grenley provided a copy of a draft Promissory Note and related document from a prospective lender dated February 10 to Plaintiffs' counsel, but not other documents responsive to item 2.
[2] Both items also are sought in further support of Plaintiffs' planned preliminary injunction motion.
[3] Cosby's counsel asked Plaintiff's counsel for an extension to respond to the SAC, subject to discussing with his client (Cosby), but did not set a date for this response.
[4] Exhibit 3 includes Doc. 323 and excerpts from Doc. 324 in *GLOBAL DISCOVERY BIOSCIENCES CORPORATION v. Douglas S. HARRINGTON, The Ark Partner LLC, Smart Health Diagnostics Company f/k/a Predictive Health Diagnostics Company, Matthew Nunez, Daniel Angress, and Visionary Private Equity Group*, No.2022-1132-BWD, 2024 WL 1835970 (Del.Ch.)

these questions, and the lack of any actual financial details provided to Plaintiffs and other investors about the $15 million reportedly spent into Visionary Media Group, Plaintiffs also plan to seek leave to subpoena the former bookkeeper for Visionary Media Group.

6. Similar complaints about non-responsiveness and lack of financial detail have been raised by others about the Individual Defendants relating to other portfolio companies. Defendants also still have not provided year-end 2024 financials, and the last financials provided (from September 2024) offer no real details about VPEG's expenditures and receipts. Although the September 2024 financials provide no real details, Defendants have labeled it as Confidential. Plaintiffs do not believe that this document is Confidential under the Court's local rules but will provide Defendants an opportunity to file a Motion to Seal before filing it in the public docket on Monday (March 10, 2025) as Exhibit 5.

WHEREFORE, Plaintiffs respectfully request that the Court grant the Motion or set the Motion for hearing.

4930-2743-2229.2

Dated: March 7, 2025

Respectfully submitted,

By: /s/ Matthew J. Reh
ARMSTRONG TEASDALE LLP
Matthew J. Reh (Missouri Bar #49418)
Evan J. Sullivan (Missouri Bar #73032)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070 (phone)
314.621.5065 (facsimile)
mreh@atllp.com
esullivan@atllp.com

NIXON PEABODY LLP
John Ruskusky (pro hac vice)
Jordan Rice (pro hac vice)
70 W. Madison Street, Ste. 5200
Chicago, IL 60602
Phone: (312) 977-4400
Fax: 312-977-4405

Brian A. Hill (Missouri Bar # 47661)
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Tel.: (202) 585-8040
Fax: (833) 400-2588
bhill@nixonpeabody.com

**Counsel for Plaintiffs**