**EXHIBIT 3**

EFiled: Apr 22 2024 04:55PM EDT
Transaction ID 72799775
Case No. 2022-1132-BWD

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| GLOBAL DISCOVERY BIOSCIENCES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS S. HARRINGTON, THE ARK PARTNER LLC, SMART HEALTH DIAGNOSTICS COMPANY F/K/A PREDICTIVE HEALTH DIAGNOSTICS COMPANY, MATTHEW NUÑEZ, DANIEL ANGRESS, and VISIONARY PRIVATE EQUITY GROUP,<br><br>Defendants. | C.A. No. 2022-1132-BWD |

**PLAINTIFF'S MOTION TO COMPEL VISIONARY PRIVATE EQUITY GROUP'S COMPLIANCE WITH SUBPOENA**

Pursuant to Court of Chancery Rules 26, 30, and 45, Plaintiff Global Discovery Biosciences Corporation ("Plaintiff" or "Global") moves for an order compelling non-party Visionary Private Equity Group ("VPEG") to comply with the December 9, 2023 subpoena *duces tecum* and *ad testificandum* (the "Subpoena") served on it by Plaintiff and produce documents wrongfully withheld and designate an individual to sit as its witness for deposition.

1. Through this action, Plaintiff alleges, among other things, that certain of Global's former directors and officers, corporate entities they established and

other entities—including VPEG—joined in a conspiracy to loot the assets and usurp corporate opportunities of Global.

2. VPEG joined in the conspiracy by investing in Smart Health Diagnostics Company f/k/a Predictive Health Diagnostics Company ("Smart Health") to provide necessary funds to help commercialize the PULS and other stolen corporate opportunities and publicly disclosed that it was the controlling stockholder of Smart Health. Despite its key role in the events underlying the Complaint, VPEG refused to answer or otherwise respond to either Plaintiff's Complaint or Amended Complaint and a default judgment was entered against it. Plaintiff subsequently served the Subpoena to access information and documents undoubtedly within VPEG's possession, custody, or control that are critical to the issues at the heart of this action. Yet, VPEG continues to ignore its obligations to participate in this action and has not responded to the Subpoena.

3. VPEG's refusal to engage *at all* prejudices Plaintiff's ability to prosecute this action. Plaintiff accordingly seeks an order compelling VPEG to produce documents it has improperly withheld and designate an individual to sit as its witness for deposition, as described below.

## BACKGROUND[1]

### I. Global Filed Its Complaint Alleging That VPEG Participated In Defendants' Scheme To Loot Global's Assets

4. On December 7, 2022, Global filed its Verified Complaint alleging, among other things, that certain of Global's former directors and officers, corporate entities and other entities joined in a conspiracy to loot the assets and steal the corporate opportunities of Global. (Dkt. 1.) Plaintiff alleged that VPEG provided vital assistance to Defendant Douglas S. Harrington in support of his scheme. (Compl. ¶¶ 23-24.) VPEG's involvement in the scheme began with an investment in Smart Health. (*Id.*) In or about August 2017, VPEG invested in Smart Health despite conducting due diligence that would have put them on notice that all of Smart Health's assets and intellectual property had been unlawfully transferred to Smart Health from Global. (*Id.* ¶ 23.) Despite stating that Smart Health developed the PULS test, VPEG has acknowledged that PULS was developed before Smart Health was even formed. (*Id.*) Moreover, the most basic diligence would have uncovered the fact that Harrington and Global were parties to ongoing litigation involving the ownership of Global and that Global had marketed and commercialized the PULS test for two years prior to VPEG's investment in Smart Health. (*Id.* ¶¶ 23-24.)

---

[1] All capitalized terms not defined herein have the meaning from the Amended Complaint.

3

5. On December 21, 2022, Plaintiff served the Complaint upon VPEG by Certified Mail. (Dkt. 10.) Defendants Douglas S. Harrington, Matthew Nuñez, Smart Health, and The ARK Partner, LLC (collectively, "Defendants") filed their motions to dismiss on February 6, 2023. (Dkt. 16.) VPEG never answered, moved to dismiss, or otherwise responded to the Complaint. Accordingly, Global filed its first Motion for Default Judgment against VPEG on March 17, 2023. (Dkt. 23.)

6. On April 13, 2023, Global filed its Amended Verified Complaint (the "Amended Complaint"). (Dkt. 28.) Through the Amended Complaint, Plaintiff expanded on allegations related to its common law claims, but did not substantially change the allegations related to VPEG's involvement in Harrington's scheme. VPEG never answered, moved to dismiss, or otherwise responded to the Amended Complaint.

## II. The Court Enters Default Judgment Against VPEG

7. On July 11, 2023, Plaintiff filed its Motion for Default Judgment Against Defendant Daniel Angress and Renewed Motion for Default Judgment Against Defendant Visionary Private Equity Group (the "Default Motion"). (Dkt. 54.) VPEG never responded to the Default Motion. On July 19, 2023, the Court issued a Rule to Show Cause. (Dkt. 56.) On August 11, 2023, Plaintiff caused the Rule to Show Cause to be served upon VPEG by first class mail and Certified Mail. (Dkt. 65.)

4

8. On August 17, 2023, the Court held a hearing on the Default Motion, among other motions, and granted the motion, entering a default judgment against VPEG. (Dkt. 71, at 69.)

### III. Global Served a Subpoena *Duces Tecum* and *Ad Testificandum*

9. On November 29, 2023, Global served a subpoena *duces tecum* and *ad testificandum* upon VPEG. (Ex. A.) The Subpoena is narrowly tailored to the needs of this case, consisting of nineteen (19) document requests (each a "Request" and, collectively, the "Requests") and nine (9) topics of testimony (each a "Topic" and, collectively, the "Topics"). (*Id*.) The Requests and Topics primarily relate to VPEG's investment in Smart Health, PULS, the other tests developed by Smart Health, the laboratory used to develop PULS and such other tests, and the Bankruptcy Action.

### IV. VPEG Ignored The Subpoena

10. On January 3, 2024, a full week after VPEG's deadline to respond to the Subpoena, counsel for Plaintiff sent a letter to counsel for VPEG concerning the Subpoena. (Ex. B.) The letter noted that VPEG had waived any objections to the Subpoena and asked VPEG to promptly send copies of the requested documents. (*Id*.) On January 10, 2024, counsel for VPEG responded that it had "no information regarding the referenced matter" which is impossible to square with VPEG's investment in Smart Health, statements on its webpage, and purported controlling

5

stockholder status. (Ex. C at 4.) On February 8, 2024, counsel for Global provided counsel for VPEG a copy of the subpoena along with the Amended Complaint and Default Motion and Court's order. (*Id.*)

11.   On February 20, having received no further communication from VPEG, counsel for Global sent a follow up email. (*Id.* at 3.) Counsel for VPEG responded the same day, claiming that the "previous materials did not include a copy [of the subpoena]" and that once they received a copy "[they would] evaluate and respond." (*Id.*) Still the same day, counsel for Global explained that the February 8 email contained copies of the Subpoena along with proof of service. (*Id.* at 2.) Nevertheless, in the same email, counsel for Global reattached the Subpoena and proof of service and directed counsel for VPEG to the page on which the Subpoena began. (*Id.*) Counsel for VPEG responded acknowledging their oversight and explaining that they "stopped reviewing past the postal delivery information." (*Id.*)

12.   Despite their promise to "evaluate and respond," counsel for VPEG has not followed up to their last February 20 email. Counsel for Global sent follow-up emails on February 29, March 18, and March 21, but, as of the date of this Motion, VPEG has not responded to these follow-up emails or to the Subpoena. Due to VPEG's refusal to comply with the Subpoena, Plaintiff has no means to access relevant information and documents related to VPEG's central role in this dispute absent Court intervention.

# ARGUMENT

13. Court of Chancery Rule 26(b)(1) permits discovery into "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Ct. Ch. R. 26(b)(1). "The permissible scope of discovery set forth in Rule 26(b)(1) applies to discovery sought from third parties through Rule 45 subpoenas." *Dermatology Assoc's of San Antonio v. Oliver Street Dermatology Mgmt., LLC*, 2019 WL 5212578, at *1 (Del. Ch. Oct. 15, 2019) (citing *Solow v. Aspect Res., LLC*, 2007 WL 3256944, at *1 (Del. Ch. Oct. 30, 2007)). "As the objecting party, [VPEG] must demonstrate why the information sought by the subpoena is not discoverable." *Id*. VPEG has not even attempted to meet this burden because, as of the date of this Motion, VPEG has not responded to the Subpoena.

14. The Requests and Topics set forth in the Subpoena are plainly relevant to the claims in the Amended Complaint. The Requests and Topics relate to VPEG's role of providing funds to further Defendants' scheme of looting Global's assets and commercializing the PULS and other stolen corporate opportunities. The documents and information that VPEG possesses in connection with its investment in Smart Health are relevant to, among other things, Defendants' representations concerning the ownership of PULS, Global's corporate opportunities, and valuations of Global, PULS, and other tests developed by Global and Smart Health.

15. Despite the relevance of the requested information, VPEG has made no effort to respond or object to the Subpoena and therefore has failed to satisfy its discovery obligations. By failing to provide any objections to the subpoena, VPEG has waived all objections, including objections based on privilege. *See In re Oxbow Carbon LLC, Unitholder Litig.*, 2017 WL 822181, at *1 (Del. Ch. Mar. 1, 2017) (ORDER) (citing *Gower v. Beldock*, 1998 WL 200267, at *2-3 (Del. Ch. Apr. 21, 1998)); *see also Almond v. Glenhill Advisors, LLC*, 2016 WL 1611322 (Del. Ch. Apr. 21, 2016) (ORDER).

16. Finally, VPEG's repeated failure to respond justifies shifting the expenses and costs incurred in connection with bringing this motion. "The Court has the power to issue sanctions for discovery abuses under its inherent equitable powers, as well as the Court's 'inherent power to manage its own affairs.'" *Beard Research, Inc. v. Kates*, 981 A.2d 1175, 1189 (Del. Ch. 2009). Under Court of Chancery Rule 37(a)(4)(A):

> [i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the Court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including the attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

8

Ch. Ct. R. 37(a)(4)(A). This Court has granted requests for fees against third-parties who failed to produce documents in response to a subpoena. *In re Oracle Corp. Deriv. Litig.*, C.A. No. 2017-0337-SG, at 12 (Del. Ch. Dec. 8, 2020) (TRANSCRIPT) ("But I don't really understand the substantial merit of not producing the information that was sought via discovery. So I think I am compelled under the rule to shift fees.").

17.  There is no substantial justification for opposing the motion nor any other circumstances that would make the award unjust. VPEG has been on notice of this litigation since December 21, 2022, when Plaintiff served the Complaint. VPEG had further opportunity to engage in this action in connection with the Default Motion, but declined to do so. Despite VPEG's repeated evasiveness throughout this action, Plaintiff has given VPEG ample opportunity to respond to the Subpoena or to meet and confer with Plaintiff's counsel. Ultimately, contrary to VPEG's promise to "evaluate and respond," VPEG has chosen to continue ignoring the Subpoena. (Ex. C.) Accordingly, fee shifting is appropriate here.

## CONCLUSION

Global respectfully requests that the Court enter an order directing VPEG to comply with the Subpoena in all respects; ordering VPEG to pay Global's costs, including attorneys' fees, incurred in preparing this motion; and granting such other and further relief as it deems just and proper.

9

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
|  | By: */s/ Stephen C. Norman* |
|  | Stephen C. Norman (No. 2686) |
| OF COUNSEL: | David A. Seal (No. 5992) |
|  | Callan R. Jackson (No. 6292) |
| Eric Landau | Charles R. Hallinan (No. 6814) |
| Travis Biffar | 1313 N. Market Street |
| ELLENOFF GROSSMAN & | Hercules Plaza, 6th Floor |
| SCHOLE LLP | Wilmington, DE  19899-0951 |
| 949 South Coast Drive | (302) 984-6000 |
| Suite 200 |  |
| Costa Mesa, CA 92626 |  |
| (212) 370-1300 | *Attorneys for Plaintiff Global Discovery Biosciences Corporation* |
|  |  |
| Dated:  April 22, 2024 | WORDS: 1,888 / 3,000 |

10

# Exhibit C

| | |
|---|---|
| **From:** | Jackson, Callan R. |
| **Sent:** | Thursday, March 21, 2024 1:34 PM |
| **To:** | Cosby, Michael; Hallinan, Charles R. |
| **Cc:** | Norman, Stephen C.; Seal, David A. |
| **Subject:** | RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG |

Hi Mike,

Following up on this, can we expect your client to produce documents? We remain available to discuss.

Thanks,
Callan



**Callan R. Jackson** | Associate
*she / her / hers*

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6182
cjackson@potteranderson.com | potteranderson.com

---

**From:** Jackson, Callan R.
**Sent:** Monday, March 18, 2024 11:37 AM
**To:** 'Cosby, Michael' <Michael.Cosby@huschblackwell.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>
**Subject:** RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

Mike,

I'm following up on the below. Please let me know what time this week works for you to discuss.

Thanks,
Callan

---

**From:** Jackson, Callan R.
**Sent:** Thursday, February 29, 2024 3:19 PM
**To:** 'Cosby, Michael' <Michael.Cosby@huschblackwell.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>
**Subject:** RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

Hi Mike,

Following up, is there a time tomorrow or Friday that works for you to discuss?

Thanks,
Callan

**From:** Cosby, Michael <Michael.Cosby@huschblackwell.com>
**Sent:** Tuesday, February 20, 2024 11:17 AM
**To:** Jackson, Callan R. <cjackson@potteranderson.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>
**Subject:** [EXT] RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

** This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. **

Callan, apologies for the oversight. Apparently, my staff stopped reviewing past the postal delivery information.

Thanks,

Mike

**Michael Cosby**
**Partner**

**HUSCH BLACKWELL**

Direct: 417-268-4110
Mobile: 417-860-6968
Michael.Cosby@huschblackwell.com

---

**From:** Jackson, Callan R. <cjackson@potteranderson.com>
**Sent:** Tuesday, February 20, 2024 09:43
**To:** Cosby, Michael <Michael.Cosby@huschblackwell.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>
**Subject:** RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

[EXTERNAL EMAIL]

Michael,

I sent you a courtesy copy of the subpoena via email on February 8, along with the proof of service showing it was delivered on December 9, 2023. I've reattached that package here (which includes the granted commission from the Delaware Court of Chancery). The subpoena begins on page 12 of the PDF. We look forward to your response.

Thanks,
Callan



**Callan R. Jackson** | Associate
*she / her / hers*

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6182

cjackson@potteranderson.com | potteranderson.com

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and

delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

**From:** Cosby, Michael <Michael.Cosby@huschblackwell.com>
**Sent:** Tuesday, February 20, 2024 10:36 AM
**To:** Jackson, Callan R. <cjackson@potteranderson.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>
**Subject:** [EXT] RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

** This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. **

Callan, we still have not seen the subpoena. The previous materials did not include a copy.

Please provide a copy of the subpoena, and we will evaluate and respond.

Best,

Mike

**Michael Cosby**
**Partner**

**HUSCH BLACKWELL**

Direct: 417-268-4110
Mobile: 417-860-6968
Michael.Cosby@huschblackwell.com

**From:** Jackson, Callan R. <cjackson@potteranderson.com>
**Sent:** Tuesday, February 20, 2024 09:25
**To:** Cosby, Michael <Michael.Cosby@huschblackwell.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>
**Subject:** RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

[EXTERNAL EMAIL]

Michael,

Please let us know when we can expect VPEG's responses and objections to the subpoena. We are available to discuss this week.



**Callan R. Jackson** | Associate
*she / her / hers*

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6182
cjackson@potteranderson.com | potteranderson.com

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from

3

disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

**From:** Jackson, Callan R.
**Sent:** Thursday, February 8, 2024 11:52 AM
**To:** Cosby, Michael <Michael.Cosby@huschblackwell.com>; Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>
**Subject:** RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

Michael,

Please see attached for the referenced subpoena with proof of service. As a professional courtesy I'm also attaching the amended complaint and default judgment papers.

Thanks,
Callan

**From:** Cosby, Michael <Michael.Cosby@huschblackwell.com>
**Sent:** Wednesday, January 10, 2024 10:49 AM
**To:** Hallinan, Charles R. <challinan@potteranderson.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>; Jackson, Callan R. <cjackson@potteranderson.com>
**Subject:** [EXT] RE: Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

> ** This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. **

Charles, we have reviewed our files, and find no information regarding the referenced matter. Discussion with our client yields the same result.

At your convenience, please provide underlying materials.

Regards,

**Michael Cosby**
**Partner**


**HUSCH BLACKWELL**


Direct: 417-268-4110
Mobile: 417-860-6968
Michael.Cosby@huschblackwell.com
huschblackwell.com
 vBio|vCard


**Husch Blackwell is a different kind of law firm—**
**structured around our clients' industries and built on a culture of selfless service.**

**Our 1000+ lawyers collaborate across the U.S. from more than 20 offices and our virtual office, The Link, to provide un**

4

**common solutions
to our clients' most complex challenges.**

---

**From:** Hallinan, Charles R. <challinan@potteranderson.com>
**Sent:** Wednesday, January 3, 2024 11:26
**To:** Cosby, Michael <Michael.Cosby@huschblackwell.com>
**Cc:** Norman, Stephen C. <snorman@potteranderson.com>; Seal, David A. <dseal@potteranderson.com>; Jackson, Callan R. <cjackson@potteranderson.com>
**Subject:** Global Discovery Biosciences Corporation v. Harrington, et al., C.A. No. 2022-1132-SG

[EXTERNAL EMAIL]

Michael,

Please see the attached correspondence.

Sincerely,
Charlie



**Charles R. Hallinan** | Associate

**Potter Anderson & Corroon LLP** | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6033

challinan@potteranderson.com | potteranderson.com

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.