# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Oliver and Company, et al., | |
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. 4:25-cv-00132 |
| Dr. Ronald Zamber, Michael Cosby, Robert Grenley, and Visionary Fund Manager, LLC | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE AND EXPEDITED DISCOVERY**

## I.     INTRODUCTION

Plaintiffs Oliver and Company, et al., ("Plaintiffs"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of their Motion for Order to Show Cause and Expedited Discovery. Plaintiffs respectfully request to discuss with the Court their request for expedited discovery at the July 14, 2025 Rule 16 Conference set by the Court.

## II.    FACTUAL BACKGROUND

On June 4, 2025, the Court entered a Memorandum and Order, granting Plaintiffs' Motion to Appoint a Receiver *Pendente Lite* ("Receiver Order"). ECF No. 88. The Receiver Order expressly requires that Defendants assist and cooperate fully with the Receiver in the administration of the Receivership and the discharge of the Receiver's duties. *Id.* at 25. The Receiver Order also requires that Defendants comply with all orders of the Court, provide the Receiver with all information necessary to enable the Receiver to complete any schedules or reports that the Receiver may be required to file with the Court, and to provide the Receiver with all Receivership Property and related items, documents, and information in Defendants' possession, custody, or control. *Id*. Moreover, the Receiver Order expressly states that Defendants and their agents, servants, employees, representatives, attorneys, officers, directors, managers, members, partners, or other individuals exercising or having the power to exercise control over the affairs of Defendants are hereby enjoined from:

> a. Collecting or attempting to collect proceeds from Receivership Property, and are hereby further directed to deliver to Receiver all proceeds from Receivership Property that has or may come into their possession;
> b. Interfering in any way with Receiver in the performance of Receiver's responsibilities and duties; and
> c. Using, selling, transferring, or relocating any Receivership Property unless specifically permitted by Receiver in writing.

*Id*. at 27.

Rather than comply with the Receiver Order, counsel for Defendants, Zamber and Grenley, David McCall and Blair McCall have claimed that the Receiver Order created a "receivership over the limited partnership, and one member LLC with no power or authority to do anything" and that it is illogical to believe that Visionary PE GP I, LLC ("GP I") or that the named defendants Ronald Zamber and Robert Grenley, in their individual capacities, are subject to the Receiver Order. Ex. A. Rather than comply with the plain terms of the Receiver Order, including its injunction that expressly covers attorneys and managers, they have stated "Come and Take It." *Id.*

Plaintiffs have discovered evidence that Defendants Zamber and Grenley, after the entry of the Receiver Order on June 4, 2025, have violated the Receiver Order including multiple communications with VPEG investors and VPEG portfolio companies about VPEG assets. For example, two investors report that on the afternoon of June 5, 2025, they received communications from Grenley containing an Excel file entitled "Distributions Expected" for VPEG in 2025-2027, which listed an expected distribution of $10 million for Pop Gourmet in 2027. Ex. B ¶¶ 5-6 and Ex. 1 thereto. In addition to violating the Receiver Order, Plaintiffs note that the information in the Excel document appears to be inaccurate. For example, Grenley projects in the Excel document sent to investors on June 5, 2025, that Pop Gourmet will generate a $10 million liquidity event in 2027. *Id*. ¶ 6 & attachment.

In another violation of the Receiver Order, Zamber and Grenley, along with their counsel David McCall, failed to timely provide information to the Receiver about an imminent sheriff's sale of the assets of Pop Gourmet (originally set for June 17, 2025), which they have known about since mid-May. Ex. C and D at 8-9, 11. This sale has been rescheduled for July 8, 2025. The fact of an imminent sheriff's sale of Pop Gourmet is inconsistent with Grenley's representation to investors on June 5, 2025 that Pop Gourmet will generate a $10 million liquidity event in 2027.

Grenley and Zamber have also violated the Receiver Order by contacting the principal of at least one portfolio company. Between June 5-18, 2025, Grenley, delivering a message directed by Zamber, requested that World Champion Fantasy, operated by Micheal Vela, make a payment of over $30,000 plus interest relating to a loan from VPEG even though any such loan payment is "proceeds from Receivership Property." Ex. E ¶ 12 and Ex. 2 thereto. Mr. Vela understood that this payment was requested to be made to either Grenley or Zamber. *Id.* ¶ 13.

In all of these communications, Grenley failed to disclose the Receiver Order. *See id.*

Plaintiffs also have discovered evidence of further misconduct by the Defendants following the April 28, 2025, hearing (and it is unknown whether such misconduct continued after the entry of the Receiver Order or continues now, and thus the request for expedited discovery). In particular, Grenley and Zamber apparently sought to provide $15 million to Oman Group UK Limited, a United Kingdom-based company operated by Wayne Knight. Ex. F. In exchange for this $15 million, VPEG was supposed to receive a $1 million loan from Oman, Zamber would personally receive roughly $2.6 million, and Grenley would personally receive approximately $1.1 million. *Id.* The fact that Grenley and Zamber were contemplating transferring $15 million to Oman (approximately $3.6 million of which was slated to be sent back to them personally) strongly suggests that the Defendants have concealed funds in accounts beyond those now under the control of the Receiver, which currently hold only de minimis amounts.

Cosby has also apparently been involved in transferring money from VPEG's accounts to Knight and potentially others after the April 28 hearing despite repeatedly stating to Plaintiffs and the Court that he had resigned from all positions associated with VPEG. Ex. G. Plaintiffs also note that, Cosby's email and the screenshots attached to the Vela declaration indicate that the Defendants have been communicating via WhatsApp or another message service rather than over

their VPEG email accounts – which may be an attempt to obscure their communications and/or fail to preserve these communications for discovery – despite the pending litigation and the Receiver Order. *Id.* at 1; Exs. 1 and 2 to Ex. E. Indeed, Cosby's email notes that the WhatsApp message has been deleted. *Id.*

### III.     ALL ELEMENTS FOR CIVIL CONTEMPT ARE MET

District courts have the inherent power to enforce their orders. *Shillitani v. United States*, 384 US. 364, 370 (1966). As a party to this case, Plaintiffs may invoke may the court's power by initiating a proceeding for civil contempt. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 444-45 (1911). To establish civil contempt, the movant must demonstrate "by clear and convincing evidence, that the alleged contemnors violated a court order." *Chao v. McDowell*, 198 F. Supp. 2d 1093, 1098 (E.D. Mo. 2002) (quoting *Chicago Truck Drivers v. Brotherhood Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000)).  After the movant makes this showing, the burden shifts to the respondent to demonstrate why compliance is presently impossible. *Chicago Truck Drivers*, 207 F.3d at 505. To establish that compliance is presently impossible, the respondent "must demonstrate: '(1) that they are unable to comply, explaining why categorically and in detail, (2) that their inability to comply was not self-induced, and (3) that they made in good faith all reasonable efforts to comply.'" *Chao*, 198 F. Supp. 2d at 1099-100 (quoting *United States v. Santee Sioux Tribe of Nebraska*, 254 F.3d 728, 736 (8th Cir. 2001)). A party's subjective belief that they were complying with an order does not insulate them from civil contempt if that belief was objectively unreasonable. *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019).

Here, it is clear that at least Defendants Zamber and Grenley have violated the Court's Receiver Order. As noted above, the Court entered the Receiver Order on June 4, 2025. ECF No. 88. The Receiver Order enjoins Defendants from any activities related to the business operations

-4-

of Visionary Fund Manager, LLC and Visionary Private Equity Group I, LP and their holdings in any portfolio companies (collectively, the "Fund"); any negotiations relating to any pending financial transactions with the Fund (including any new potential investors or investments, as well as financing activities); and any activities that interfere in any way with the Receiver in the performance of his responsibilities and duties, including his exercise of ordinary business judgment on behalf of the Fund. See ECF No. 88, p. 25-27. In fact, the Receiver Order expressly states that the Receiver shall "take over any negotiations that may be in progress regarding any pending financial transactions with the Fund." *Id*. at 24.

On at least one occasion and possibly others, after the Receiver Order was entered, Zamber and Grenley communicated with VPEG investors regarding possible distributions from 2025 through 2027. See Ex. B. Additionally, Grenley, at the direction of Zamber, requested that World Champion Fantasy make a payment of over $30,000 plus interest relating to a loan from VPEG, even though any such loan payment is "proceeds from Receivership Property." Ex. E ¶ 12.

Counsel for Defendants Zamber and Grenley, David McCall and Blair McCall, have openly claimed that the Receiver Order created a "receivership over the limited partnership, and one member LLC with no power or authority to do anything" and that it is illogical to believe that Visionary PE GP I, LLC ("GP I") or Defendants Zamber and Grenley, in their individual capacities, are subject to the Receiver Order. Ex. A.  As the Receiver has noted, David and Blair McCall have filed a notice of appeal and motions on behalf of Visionary Fund Manager, LLC after the entry of the Receiver Order without the consent of the Receiver or the Court.  Rather than comply with the injunction set by this Court's Order, they have challenged the Receiver to "Come and Take It." *Id*.

For all these reasons, Plaintiffs request that Defendants Zamber and Grenley and their counsel David McCall and Blair McCall should be ordered to show cause why they should not be held in civil contempt for their apparent violations of the Court's June 4, 2025 Memorandum and Order and for whatever further relief this Court deems just and proper.

## IV. PLAINTIFFS' REQUEST FOR EXPEDITED DISCOVERY

Plaintiffs also request that the Court grant them the opportunity to seek focused discovery into three specific areas in support of their Motion for Contempt: (1) a sworn accounting reflecting what has happened to the approximately $7 million in transactions that have taken place through debits and credits in VPEG's accounts over the past 18 months, (2) production of all relevant communications (whether on personal email accounts, text, WhatsApp or any other medium) for the limited period from the date of the April 28, 2025 Hearing to the date the Court approves this request, and (3) limited depositions of Zamber, Grenley and Cosby by counsel for the Plaintiffs in St. Louis, MO, related to these issues.

First, Plaintiffs understand that the Receiver has obtained copies of VPEG's bank statements, which report approximately $500.00 in cash as of June 4, 2025, but also reflect that over $7 million in transactions have taken place through debits and credits over the past 18 months. On information and belief, Defendants have not yet identified where that $7 million which transited VPEG's accounts has been deposited and for what purposes. At the same time, Grenley and Zamber sought to send $15 million to Oman Group UK Limited. Ex. F. In exchange for this $15 million, VPEG was supposed to receive a $1 million loan from Oman, Zamber would personally receive roughly $2.6 million, and Grenley would personally receive approximately $1.1 million. *Id.* It appears that some funds have flowed from VPEG to Mr. Knight/Oman. *See* Ex. G Based on the above, Plaintiffs request that the Court order Defendants to provide a detailed

-6-

accounting in writing and under oath explaining each of the transactions listed in VPEG's bank statements for the past 18 months within seven (7) days of the Court's Order.

Second, Plaintiffs, as noted above, are now aware that Defendants appear to be communicating via text and other message services rather than over their VPEG email accounts– which may obscure their communications and fail to preserve these communications – despite the pending litigation and the Receiver Order. Exs. E, G. Accordingly, Plaintiffs ask the Court to order Defendants, within seven (7) days of the Court's Order, to produce all communications (whether on personal email accounts, text, WhatsApp or any other medium) for the limited period from April 28, 2025 to the date the Court approves this request:

a. Among themselves;

b. With any VPEG investor or prospective investor;

c. With any VPEG portfolio company; and

d. With any other person or entity related in any way to VPEG, whether in relation to financing or any other topic.[1]

Third, Plaintiffs also respectfully request that the Court order that Zamber, Grenley and Cosby appear for oral deposition of up to three hours each by counsel for the Plaintiffs in St. Louis, MO within seven days after the date ordered for the production of the accounting and documents requested by this motion.

District courts have broad discretion to manage the timing of discovery, including expedited discovery. *See* Fed. R. Civ. P. 26(d)(1) (permitting deviation from normal rule when "authorized . . . by court order").  In considering a motion for expedited discovery, courts apply one of two standards: either a good cause standard or a set of factors similar to those for obtaining

---

[1] Plaintiffs also respectfully propose that Defendants and their counsel be required to provide a privilege log for any documents withheld from this production.

-7-

a preliminary injunction. *Meritain Health, Inc. v. Express Scripts, Inc.*, No. 4:12-CV-266-CEJ, 2012 WL 1320147, *1 (E.D. Mo. Apr. 17, 2012). While the Eighth Circuit has not adopted either standard outright, courts within the Eastern District of Missouri have consistently applied the good cause standard. *Monsanto Co. v. Woods*, 250 F.R.D. 411 (E.D Mo. 2008); *Cook v. Williams*, No. 4:09-CV-1375CAS, 2009 WL 3246877, at *1 (E.D. Mo. Oct. 6, 2009).

Under the good cause standard, the party seeking expedited discovery must show that the need for expediting, in consideration of administration of justice, outweighs prejudice to the responding party. *Council on Am.-Islamic Rels.-Minnesota v. Atlas Aegis, LLC*, 487 F. Supp. 3d 371, 380 (D. Minn. 2020) (quoting *Meritain Health*, 2012 WL 1320147, at *1). "Common factors that courts consider include: (1) the existence of a motion for preliminary injunction; (2) the breadth of the request for discovery; (3) the purpose for the request; (4) the burden of compliance; and (5) how far in advance of the usual discovery process the party made the request." *Id.*

Here, good cause exists to grant Plaintiffs' request for expedited discovery. The information Plaintiffs seek to uncover through expedited discovery is relevant to whether the Defendants have violated the Receiver Order and otherwise engaged in efforts to conceal or dissipate VPEG's assets from the Plaintiffs and the Receiver after the April 28 Hearing.

First, Plaintiffs already have evidence that Defendants have violated the Receiver Order and are concerned that Defendants have engaged in other yet unknown violations or will continue to violate the Receiver Order in coming days. If agreeable to the Court, Plaintiffs are prepared to present this evidence at the July 14, 2025 scheduling conference or the August 7, 2025 hearing.

*Second*, the expedited discovery requests are focused on three narrow issues with readily determinable facts. Plaintiffs seek (1) an accounting of money that should be in the possession of the Receiver and relates directly to Defendants' apparent belief that they had the ability to transfer

$15 million to another company while VPEG's bank account contains only $500; (2) communications that may show whether Defendants have engaged in other yet unknown violations of the Receiver Order; and (3) limited depositions of the Defendants on these subjects and their use of WhatsApp or other methods to communicate, including their obligation to retain these communications.

*Third*, compliance with these requests will not be burdensome. Testimony at the April 28 Hearing established that Defendants are the only individuals who can provide an accurate accounting of where monies that transited VPEG's accounts were transferred, which will provide a clear indication of whether Defendants have hidden or transferred funds in other accounts or otherwise dissipated assets. And Defendants have apparently already failed to retain certain communications between themselves on WhatsApp that have "disappeared." Ex. G.

*Finally,* the request has been made in a timely manner. Plaintiffs request expedited discovery only because of pressing circumstances. Plaintiffs recently learned of the misconduct described herein and promptly obtained declarations relating to the same. Plaintiffs seek a sworn accounting to assist the Receiver in marshalling all of VPEG's assets as required by the Receiver Order. Plaintiffs seek the Defendants' relevant communications for the limited period from April 28, 2025 to the date the Court approves this request. And Plaintiffs seek a reasonable amount of time to depose the Defendants about these issues.

Expedited discovery is also appropriate considering that Defendants have failed to comply with this Court's prior Order allowing expedited discovery on two topics: (1) the corporate documentation identifying the members of Visionary PE GP I, LLC and (2) documents related to the proposed financing previously referenced by Grenley that the Defendants were considering for

-9-

imminent execution. For example, Plaintiffs note that Defendants failed to provide copies of documents related to their dealings with the Oman Group which are responsive to item 2. Ex. H.

## V. CONCLUSION

For all these reasons, Plaintiffs request that the Court order Defendants Zamber and Grenley, and their counsel David McCall and Blair McCall to show cause at the Hearing set for August 7, 2025 why they should not be held in civil contempt for their violations of the Court's June 4, 2025 Memorandum and Order and for whatever further relief this Court deems just and proper.

In advance of the August 7, 2025 hearing, Plaintiffs also request that Defendants produce a detailed accounting in writing and under oath explaining each of the transactions in VPEG's bank accounts for the last 18 months; and all communications (whether on personal email accounts, text, WhatsApp or any other medium) for the limited period from April 28, 2025 to the date the Court approves this request: (1) among themselves; (2) with any VPEG investor or prospective investor; (3) with any VPEG portfolio company; and (4) with any other person or entity related in any way to VPEG, whether in relation to financing or any other topic, within seven days of the entry of this Court's order.

Plaintiffs also respectfully request that the Court order that Zamber, Grenley and Cosby appear for an initial oral deposition of up to three hours each by counsel for the Plaintiffs in St. Louis, MO within seven days of the production of the documents and accounting requested above.

| | |
|---|---|
| Dated: July 3, 2025 | Respectfully submitted,<br><br>By: /s/ Matthew J. Reh<br>ARMSTRONG TEASDALE LLP<br>Matthew J. Reh (Missouri Bar #49418)<br>Emily Goeke (Missouri Bar #71897)<br>7700 Forsyth Blvd., Suite 1800<br>St. Louis, Missouri 63105<br>314.621.5070 (phone)<br>314.621.5065 (facsimile)<br>mreh@atllp.com<br>egoeke@atllp.com<br><br>NIXON PEABODY LLP<br>John Ruskusky (pro hac vice)<br>Jordan Rice (pro hac vice)<br>70 W. Madison Street, Ste. 5200<br>Chicago, IL 60602<br>Phone: (312) 977-4400<br>Fax: 312-977-4405<br>jtruskusky@nixonpeabody.com<br>jrice@nixonpeabody.com<br><br>Brian A. Hill (Missouri Bar # 47661)<br>799 9th Street NW, Suite 500<br>Washington, DC 20001-5327<br>Tel.: (202) 585-8040<br>Fax: (833) 400-2588<br>bhill@nixonpeabody.com<br><br>**Counsel for Plaintiffs** |