UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OLIVER AND COMPANY, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:25-cv-00132-MTS |
| DR. RONALD ZAMBER, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel. Doc. [246]. Plaintiffs seek the production of eleven "voicemails, emails, and a letter" that Interested Party Husch Blackwell LLP ("Husch Blackwell") has withheld as privileged in response to Plaintiffs' subpoena duces tecum. Doc. [247] at 3; Doc. [247-2]. All eleven communications fall within a two-week period after Plaintiffs sent a Demand Letter to both Defendant Michael Cosby—a Husch Blackwell partner—and Husch Blackwell's general counsel. Doc. [247] at 3. According to its privilege log, Husch Blackwell claims "common interest and intra-firm attorney-client privilege" as to all eleven entries. Doc. [247-3]. Plaintiffs assert that privilege does not apply to these communications and, even if it did, Defendant Cosby waived privilege during his deposition. Doc. [247] at 5–8. In its opposition brief, Husch Blackwell reasserts privilege, Doc. [250] at 8–13, disputes Defendant Cosby's waiver, *id.* at 13–15, and contends that the relevant communications are outside the scope of discovery, *id.* at 15–16 (citing Fed. R. Civ. P. 26(b)(1)). Following an informal discovery conference pertaining to this dispute, Husch Blackwell delivered a copy of the relevant documents to the Court for *in camera* review. Doc. [239].

Upon careful consideration of the relevant briefing and a review of the challenged communications *in camera*, the Court finds that Husch Blackwell has met its burden to demonstrate that attorney-client privilege applies to these communications. *See State ex rel. Ford Motor Co. v. Westbrooke*, 151 S.W.3d 364, 367 (Mo. banc 2004) (allocating the burden of proof). The Court concludes that the eleven communications fall within the scope of attorney-client privilege as asserted in Husch Blackwell's privilege log. *See State ex rel. Koster v. Cain*, 383 S.W.3d 105, 116 (Mo. Ct. App. 2012) (setting forth the elements of attorney-client privilege); *see also Jacobson Warehouse Co. v. Schnuck Mkts., Inc.*, 13 F.4th 659, 676 (8th Cir. 2021) (applying Missouri law and setting forth the elements of attorney-client privilege in the corporate context). Nor does it appear that Defendant Cosby waived privilege during his deposition, if he could even do so. *See State ex rel. Behrendt v. Neill*, 337 S.W.3d 727, 729–30 (Mo. Ct. App. 2011) (finding no attorney-client privilege waiver after "answering opposing counsel's deposition questions, because a waiver extorted under cross-examination is not voluntary" (citation omitted)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel, Doc. [246], is **DENIED**.

Dated this 28th day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE