**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OLIVER AND COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-00132-MTS |
| | ) | |
| DR. RONALD ZAMBER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Receiver Jason Buhlinger's Motion for Leave to File his Preliminary Report under Seal, Doc. [127], as well as Defendant Michael Cosby's Motion for Continued Sealing, Doc. [140], pursuant to Eastern District of Missouri Local Rule 13.05. For the reasons that follow, the Court will deny the Motions without prejudice. The Court will provide these parties with fourteen days to file a renewed Motion for Continued Sealing consistent with the Court's discussion below. If no renewed Motion is filed, the Court will enter an Order lifting the seal, and Documents [128], [128-1], [141], and [141-1] will be placed on the public docket, subject to the mandatory fourteen-day stay of an Order Denying Sealing. E.D. Mo. L.R. 13.05(A)(4)(g).

I.     **Background**

On June 04, 2025, the Court appointed Jason Buhlinger as Receiver for Visionary Private Equity Group I, LP ("VPEG") and Visionary Fund Manager, LLC. Doc. [88] at 23. In that Order, the Court directed Receiver Buhlinger to "prepare a report that contains for each month from January 01, 2021, to the present a statement of cash receipts and disbursements by Defendants" and "schedules and reports of assets, liabilities, or inventories that are necessary and proper." *Id.*

at 27.  Pursuant to that directive, Receiver Buhlinger prepared a Preliminary Report providing the Court "with a status update and a summary of [his] initial and preliminary findings and observations to date."  Doc. [128-1] at 1.  Although Receiver Buhlinger "believes that his Preliminary Report does not need to be filed under seal," he did so out of an abundance of caution given the contentious nature of this litigation and the possibility that other parties might disagree. Doc. [127] at 2–3 (summarizing statements made by certain Defendants).  In light of those representations, the Court ordered Defendants to file a Motion for Continued Sealing and a sealed Memorandum Supporting Sealing setting forth "the specific legal and factual reasons justifying the sealing of the Receiver's Preliminary Report . . . in its entirety."  Doc. [135] (quoting E.D. Mo. L.R. 13.05(A)(4)(a), (b)(i)).

Defendant Michael Cosby was the only Defendant to respond.  He contends that Receiver Buhlinger's Preliminary Report contains "private financial and sensitive business information, which the public has little legitimate interest in accessing."  Doc. [140] (citing *Hoffmann Bros. Heating & Air Conditioning, Inc. v. Hoffmann Air Conditioning & Heating, LLC*, 4:19-cv-00200-SEP, 2022 WL 1718882, at *5 (E.D. Mo. May 27, 2022)).  Defendant Cosby further argues the Preliminary Report contains nine discrete categories of information "of the type" that courts have previously filed under seal.  Doc. [141] at 3.  Those categories are as follows:

- Bank account information for accounts related to VPEG at Great Southern Bank, including accounts held by non-party entities;

- Bank account balance information for accounts related to VPEG at Great Southern Bank, including accounts held by non-party entities;

- Information pertaining to potential future investments;

- Detailed cash in-flow information for VPEG;

- Identification of vendors (individuals and entities) and detailed information concerning vendor payables;

- Detailed financial statement and tax return information for VPEG;

- Detailed information concerning VPEG's operating costs;

- Detailed information pertaining to potential future funding; and

- Detailed information concerning VPEG's portfolio and investments.

According to Defendant Cosby, "VPEG has treated its financial information as confidential and proprietary, as it has only been disseminated under non-disclosure agreements, protective orders, or other confidentiality requirements."  Doc. [141] at 4.  As a result, he "requests that the Court enter an Order requiring the continued sealing of the Receiver's Preliminary Report."  *Id.*

## II.   Legal Standard

"[T]here is a common-law right of access to judicial records, but that right is not absolute."  *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597–98 (1978)).  Determining the precise contours of that right in a given case "requires a weighing of competing interests."  *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).  The "right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (internal citations omitted).  However, those interests must be balanced "against the salutary interests served by maintaining confidentiality of the information sought to be sealed."  *Id.* at 1223.  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts."  *Id.* at 1224 (quoting *United States v. Amodeo*,

71 F.3d 1044, 1049 (2d Cir. 1995)).  Ultimately, "[t]he presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so."  *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

### III.   Discussion

Defendant Cosby has not carried his burden to show that the relevant balance weighs in favor of restricting public access to Receiver Buhlinger's Preliminary Report.  *See id.* (explaining that the key question is "whether the party seeking to prevent disclosure has overcome the common-law right of access").  His argument is limited to the observation that other courts have seen fit to seal information related to financial records, bank accounts, operational costs, and other non-public matters in other cases.  Doc. [141] at 3–4.  The problem for Defendant Cosby is that his contentions address only one half of the interests that the Court must weigh.  To be sure, litigants and non-litigants have a legitimate interest in keeping "private financial information" confidential.  *Eagen v. Kirksville Missouri Hosp. Co.*, 2:20-cv-00056-SPM, 2021 WL 6134381, at *2 (E.D. Mo. Dec. 29, 2021).  And courts have permitted sealing or targeted redactions of private financial information under appropriate circumstances.  *Hoffmann Bros.*, 2022 WL 1718882, at *4 (permitting targeted redactions of "private financial information that played no role in the parties' arguments or the court's analysis" (citation modified)).  But Defendant Cosby provides no analysis whatsoever regarding how these interests should balance against the weight of the right of public access to Receiver Buhlinger's Preliminary Report.

As the Court sees it, the right of public access outweighs the interests that Defendant Cosby advances.  First, the claims in this matter directly relate to much of the information over which he seeks continued sealing, including the financial health of VPEG, the decision-making of its

individual officers, and VPEG's state of affairs when those officers made certain statements and material omissions to the Plaintiffs.  It follows that the information in the Receiver's Preliminary Report will play a "role in the parties' arguments or the court's analysis" in this action.  *Id.*  So, unlike cases where similar information was appropriately sealed, "the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts," *IDT Corp.*, 709 F.3d at 1224 (citation omitted), is much more substantial.  *See Woods v. City of St. Louis*, 4:24-cv-00868-MTS, 2025 WL 40759, at *2 (E.D. Mo. Jan. 7, 2025) (observing that "when the information at issue is relevant to the ultimate resolution of the lawsuit, the public will have a strong interest in accessing that information so that they can 'evaluate the reasonableness and fairness of [the proceeding]'" (quoting *IDT*, 709 F.3d at 1222)). As a result, the presumption of public access balances differently here.

Second, the Preliminary Report bears upon the Court's exercise of its judicial authority in other ways.  After all, the Preliminary Report was prepared by a Court officer pursuant to directions contained in the Court Order that appointed him.  *See* Doc. [88] at 27; *see also Bowersock Mills & Power Co. v. Joyce*, 101 F.2d 1000, 1002 (8th Cir. 1939) (explaining that an equitable receiver is "an officer of the court" who acts "for the court").  And the Court's appointment of Receiver Buhlinger was itself an extraordinary exercise of judicial authority under the circumstances.  *See Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993) ("A receiver is an extraordinary equitable remedy that is only justified in extreme situations.").  Accordingly, a publicly accessible Preliminary Report likely furthers the public's interest in "evaluat[ing] the reasonableness and fairness of judicial proceedings," especially where, as here, the Court has exercised its Article III powers in such a significant way, and Receiver Buhlinger continues to do so as a court-appointed officer.  *See IDT Corp.*, 709 F.3d at 1222; *see also Lugosch v. Pyramid*

*Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (explaining that public access provides "a measure of accountability" and guards against "arbitrary judicial behavior" (quoting *Amodeo*, 71 F.3d at 1048)).

In contrast, a review of the proceedings thus far indicates that the interests raised by Defendant Cosby are not as "compelling." *See Flynt*, 885 F.3d at 511 (explaining that the right of public access may be overcome if there are "compelling reasons for doing so"). A significant portion of the information that Defendant Cosby would place under seal has been the subject of other public filings, testimony in open Court, and the Court's prior decisions. *See, e.g.*, Doc. [82] at 88, 108 (discussing the contents of VPEG's Great Southern Bank accounts); Doc. [88] at 4–7 (surveying court documents and discussing backpay owed to independent contractors, obligations owed to vendors, and the financial state of certain portfolio companies). As this Court has previously observed, a party's "continuing interest in sealing the court record" is "severely diminished" when the information is publicly available. *Wishah v. City of Country Club Hills*, 4:19-cv-03410-SRC, 2021 WL 3860328, at \*3 (E.D. Mo. Aug. 30, 2021) (remarking that "the genie is out of the bottle"); *see also Eagle v. Morgan*, 88 F.3d 620, 626 (8th Cir. 1996) (noting that "[t]he interests in privacy fade when the information involved already appears on the public record" (quoting *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494–95 (1975))). And, to the extent that Defendant Cosby raises concerns that a publicly available Preliminary Report will have an adverse impact on VPEG, the Court finds it significant that Receiver Buhlinger—whom the Court has charged to "prevent waste and preserve, manage, secure, and safeguard" VPEG— believes that the Preliminary Report "does not need to be filed under seal." Doc. [127]. The Court is inclined to agree with Receiver Buhlinger's assessment, especially considering the Court's discussion above.

Finally, even assuming Defendant Cosby has identified specific pieces of confidential, sensitive information that outweigh the heavy presumption of public access under the circumstances, his arguments fail to justify redacting the entirety of Receiver Buhlinger's preliminary findings and observations. *See* Doc. [148] at 3–15. One portion simply describes the Receiver's expected fees considering the duties that the Court has assigned him. Doc. [141-1] at 8. Other paragraphs and statements throughout do not appear to contain sensitive or confidential material. *See, e.g.*, *id.* at 7 (explaining why VPEG will incur ongoing operational costs); *id.* at 12 (summarizing VPEG's portfolio and the source of that information without providing detailed figures). Thus, it appears that "portions of the [Preliminary Report would] be amenable to public access without jeopardizing" the purported confidentiality concerns that Defendant Cosby has raised. *IDT Corp.*, 709 F.3d at 1224 (remanding and requiring the district court to assess whether targeted redactions of "confidential business information" would be practicable).

## IV.    Conclusion

Therefore, for all these reasons, the Court will deny Receiver Jason Buhlinger's Motion for Leave to File his Preliminary Report under Seal as well as Defendant Michael Cosby's Motion for Continued Sealing. However, because of the confidentiality concerns at issue, the Court will deny the Motions without prejudice and provide these parties with an additional opportunity to demonstrate that some amount of targeted redactions is appropriate under the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Receiver Jason Buhlinger's Motion for Leave to File his Preliminary Report under Seal, Doc. [127], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant Michael Cosby's Motion for Continued Sealing, Doc. [140], is **DENIED** without prejudice.

- 7 -

**IT IS FURTHER ORDERED** that the above parties have leave to file, no later than **March 30, 2026**, a renewed Motion for Continued Sealing that (1) properly balances the competing interests discussed above, and (2) puts forth proposed, targeted redactions of the Preliminary Report, if appropriate.

**IT IS FINALLY ORDERED** that, if neither party files a renewed Motion, the Court will issue an Order lifting the seal, and Documents [128], [128-1], [141], and [141-1] will be placed on the public docket, subject to the mandatory fourteen-day stay of an Order Denying Sealing.  E.D. Mo. L.R. 13.05(A)(4)(g).

Dated this 16th day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE